# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CAREY SCHWEINFURTH, and<br>JAMES ROTH,<br><br>    Plaintiffs,<br><br>v.<br><br>MOTOROLA, INC.,<br><br>    Defendant. | Case No.  1:05-CV-0024<br><br>Judge Christopher A. Boyko<br>Magistrate Judge Kenneth S. McHargh |

## PROTECTIVE ORDER

This action comes before the Court on Motorola Inc.'s Unopposed Motion for Protective Order. In consideration of the foregoing, and upon good cause shown, IT IS HEREBY ORDERED:

1. <u>Definitions</u>:

    (a) "Agreement to be Bound by Confidentiality and Protective Order" means an agreement to be bound by the terms of this Protective Order in the form attached as Exhibit A.

    (b) "Document" means any written, printed, typed, graphic or otherwise recorded matter of any kind, however produced or reproduced, including but not limited to:

      (i) all originals, nonidentical copies, intermediate drafts and revisions of any written notes, working papers, correspondence, memoranda, telegrams, telexes, telecopies, cables, reports, records, books, photographs, journals, pamphlets, circulars, notebooks, calendars, diaries, working papers, records of telephone conversations or meetings, agreements, consultant's reports, studies, guidelines, instructions, interoffice or intraoffice communications, job assignments, lists, manuals, opinions, directories, charts, tabulations, graphs, indexes, catalogs, tables, inventories, data sheets, computer cards, files, runs and printouts, schedules, notices, files, sound or visual recordings, tapes, filmed or graphic matter, and anything similar to any of the foregoing, however denominated; and all electronically stored information as defined by Federal Rule of Civil Procedure 26; and

  (ii) all transcripts of any deposition, hearing, trial or other court proceeding, exhibits, affidavits, interrogatories, answers to interrogatories or other litigation materials.

(c) "Furnish" means to provide or deliver a Document or produce it for inspection or review to any other person or persons, whether voluntarily or involuntarily, whether pursuant to request, interrogatory or process, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

(d) "Disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit or otherwise communicate information to any other person or persons, whether voluntarily or involuntarily, whether pursuant to request, interrogatory or process, and whether in accordance with court rules or procedures.

(e) "Independent Expert Witness" means an individual retained by an attorney for a Party to consult and/or testify regarding the issues in this action who is not (1) otherwise personally a consultant, employee to or receiving or expecting to receive remuneration from any Party, (2) a current employee of any competitor of a Party in cellular telephones, or (3) an employee of a Person who is otherwise receiving or expecting to receive remuneration from any Party.

(f) "Person" means an individual, corporation, partnership, association. unincorporated organization, or any other entity, including, without limitation, each Party to any of the actions which are subject to this Order and experts and consultants for any Party;

(g) "Party" means any plaintiff, defendant, counter-plaintiff, counter-defendant, third-party plaintiff, or third-party defendant in this action including, in the case of a Party which is a corporation, all officers and employees of the corporation and, in the case of a Party which is a partnership, all partners and employees of the partnership;

(h) "Producing Party" means any Party or non-party that produces Documents (or designates Documents as CONFIDENTIAL or ATTORNEYS EYES ONLY) in connection with this litigation pursuant to subpoena, document request, or otherwise;

(i) "Receiving Party" means a Party to whom a Document is furnished or disclosed;

(j) "Attorney" includes all partners, associates, paralegals, and employees of the attorney. This definition specifically excludes individuals working with or for any attorney who works exclusively from a remote location or outside of the United States.

 (k) "Independent Contractors" includes any third party who is hired by any attorney, who is not an employee of the attorney, insured by the attorney, or any individual who performs work for an attorney exclusively from a location other than the attorney's offices or outside of the jurisdiction of the United States courts.

2. This Order shall be applicable to and govern all Documents produced by any Producing Party in this litigation.

3. Except as provided herein, no Producing Party shall Furnish or Disclose any information or Document designated as CONFIDENTIAL or ATTORNEYS EYES ONLY pursuant to this Order.

4. Producing Parties shall designate those Documents that are to be classified as confidential pursuant to this Order by marking the Document with a legend that includes the words CONFIDENTIAL, ATTORNEYS EYES ONLY, or both. Such legend shall be in the header or footer area of the document and not located where there are text or graphics unless it is impossible to do so in which case the Producing Party shall maintain an unmarked original for production if requested. Producing Parties shall make such designation prior to the production of the Document or information or within a reasonable time after such production. If a Producing Party inadvertently produces confidential information or Documents without designating such information or Documents as CONFIDENTIAL or ATTORNEYS EYES ONLY, the Producing Party may correct such inadvertent production within 30 days after discovering the inadvertent production by marking the information or Documents at issue with an appropriate legend and producing the Documents in proper form. Upon receipt of such designation, all Parties shall treat the information or Documents in accordance with the terms of this Protective Order.

5. Except as otherwise authorized by this Order, Documents identified as CONFIDENTIAL or ATTORNEYS EYES ONLY may be disclosed or furnished only to Parties or their Attorneys.

6.  Information or Documents designated as CONFIDENTIAL or ATTORNEYS EYES ONLY pursuant to this Order may not be Furnished or Disclosed to any person who is not a Party or an Attorney for a Party, including but not limited to, Independent Contractors and Independent Expert Witnesses, unless (1) such disclosure is solely for the purposes of this litigation and (2) the person who wishes to Disclose the information or Documents obtains, before furnishing the Document or disclosing the information, an executed copy of an Agreement to be Bound by Confidentiality and Protective Order from the person to whom the Document is to be Furnished or Disclosed. Executed copies of Agreements to be Bound by Confidentiality and Protective Order shall be maintained by the disclosing Party, and shall be available to other Parties for inspection and copying upon written request, except for those agreements executed by experts who are retained by a Party for the purposes of this litigation who will not testify at trial and whose identity may be kept confidential under applicable law.

7.  Information or Documents designated as CONFIDENTIAL or ATTORNEYS EYES ONLY pursuant to this Order may not be Furnished or Disclosed to any person, including but not limited to Independent Expert Witnesses and Independent Contractors, who currently is or has been employed by any entity that is currently or has been at any point since January 1, 1999, a competitor of Motorola in the manufacture, design, distribution, marketing or sale of cellular telephones , unless the Disclosing Party provides written notice of the intent to Disclose at least ten (10) business days before Disclosing the information or Documents, to permit objection if appropriate. Written notice of the intent to Disclose under Paragraphs 7 and 8 of this Order ("Notice of Intent to Disclose") must identify the intended recipient of such information by name, employer, title, and address.

8. After receipt of Notice of Intent to Disclose, the Producing Party shall then have an opportunity to challenge the Disclosure of such CONFIDENTIAL or ATTORNEYS EYES ONLY information by filing a motion with the Court within ten (10) business days. The Documents or information subject to the Notice of Intent to Disclose shall remain CONFIDENTIAL or ATTORNEYS EYES ONLY until such time as the Parties resolve, or the Court rules on any such objection to the Disclosure of the Documents or information.

9. Notwithstanding the other provisions of this Order, except as agreed to in writing by the Parties or ordered by the Court, Documents identified as ATTORNEYS EYES ONLY may be Disclosed only to the attorneys for a Party and Independent Expert Witnesses who execute an Agreement to be Bound by Confidentiality and Protective Order and only after compliance with the requirements set forth in this Order. Documents identified as ATTORNEYS EYES ONLY may not be Disclosed to Parties or their employees.

10. No person to whom Documents or information produced by the Parties (whether or not designated CONFIDENTIAL or ATTORNEYS EYES ONLY pursuant to this Order) is Furnished or Disclosed shall use the Documents or information for any purpose whatsoever, except for purposes of this litigation in connection with pre-trial proceedings, the preparation for trial, or other proceedings in connection with this litigation.

11. If a Document designated CONFIDENTIAL or ATTORNEYS EYES ONLY pursuant to this Order is used as an exhibit to any Document filed with the Court or used at any deposition, hearing or trial, or if information governed by this Order is Disclosed in any Document filed with the Court or in the transcript of any deposition, hearing or trial, the Document or transcript attaching or referring to the Document or information subject to this

Order shall be filed under seal. Such Document or information shall be placed in a sealed envelope bearing a statement substantially similar to the following:

*Schweinfurth, et al. v. Motorola, Inc.,* Case No. 1:05-CV-0024
United States District Court, Northern District of Ohio, Eastern Division.

Presiding Judge: Hon. Christopher A. Boyko

<u>SEALED and CONFIDENTIAL</u>:

By Order of this Court, dated _____, this envelope is not to be opened, and its contents are not to be displayed or revealed.

_____
[signature of filing Attorney]

Transcripts of depositions or portions thereof covered by this Order shall be filed under seal in the manner described above.

12. Each Party or non-party shall have 30 days after receipt of the deposition transcript, in written or computer disk form, within which to inform the Parties to this proceeding of any portions of the transcript (by page and/or line reference) to be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY information. Prior to such designation, or the expiration of the 30-day period, the entire transcript shall be treated as CONFIDENTIAL information. Notwithstanding anything to the contrary in this Order, any deponent may review the transcript of his or her own deposition at any time.

13. At any time, a Party may request in writing that a Document be declassified (a "Request for Declassification"). Upon a failure to reach agreement upon declassification, the

Party seeking to maintain the Document as CONFIDENTIAL or ATTORNEYS EYES ONLY may file within 14 days of the date on which it received the Request for Declassification a motion seeking to retain the Document's designation as CONFIDENTIAL or ATTORNEYS EYES ONLY under this Protective Order. The Document shall remain CONFIDENTIAL or ATTORNEYS EYES ONLY until such time as the Court rules on any such motion and thereafter if the motion is granted. The failure to file such a motion shall result in the Document becoming declassified. Nothing herein shall be construed as placing the burden on the Party seeking to declassify Documents.

14. The Court may examine and review in camera any Document governed by this Order, as well as any Document filed under seal.

15. Information or Documents designated as CONFIDENTIAL or ATTORNEYS EYES ONLY pursuant to this Order to be introduced at trial or as part of the record on appeal may be offered into evidence into open court unless the Producing Party obtains an appropriate protective order from this Court or the appellate court. The Producing Party must be given notice and afforded a sufficient opportunity to seek such a protective order.

16. Upon written request at the conclusion of this litigation, any person in possession of Documents governed by the terms of this Order (and all copies of such Documents) shall return the Documents to the Producing Party or shall destroy the Documents and provide written certification of such destruction, at the option of the Producing Party.

17. This Order shall in no way affect or impair the right of any Party or person to raise or assert any defense or objection, including but not limited to defenses or objections to the discovery or production of Documents or information and to the use, relevance or admissibility

at trial of any evidence, whether or not comprised of Documents or information governed by this Order.

18. In addition to any other remedies set forth herein, any Party violating this Order and thereby causing damage to the interests of another Party may be liable for all such damage.

19. Nothing contained in this Order shall prejudice in any way the right of any Party to seek, by way of consent of all parties or by motion to the Court, additional protection for specific Documents or information designated as CONFIDENTIAL or ATTORNEYS EYES ONLY.

ENTERED:

**FILED**

JUL 23 2007

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

_Christopher A. Boyko_
CHRISTOPHER A. BOYKO
United States District Judge

# EXHIBIT A

_____, 2007

To Whom It May Concern:

RE: Agreement to be Bound by Confidentiality and Protective Order in the case of *Schweinfurth, et al. v. Motorola, Inc.*, Case No. 1:05-CV-0024, pending in the United States District Court, Northern District of Ohio, Eastern Division.

This is to certify that the undersigned has read and is fully familiar with the provisions of the Protective Order governing confidentiality of documents and information ("Order"), entered by the Honorable Christopher A. Boyko of the United States District Court, Northern District of Ohio, Eastern Division in the litigation described above.

As a condition precedent to my examination of any of the documents covered by the Order, or my obtaining any information covered by the Order, I hereby agree that the Order shall be deemed to be directed to, and shall include, me, and I shall observe and comply with all provisions of the Order, and agree to be bound by its terms. I further agree and attest to my understanding that I am subject to the jurisdiction of the United States District Court, Northern District of Ohio, Eastern Division for purposes of enforcement of the Order, and that I waive any right to contest the jurisdiction of the United State District Court, Northern District of Ohio. In the event I fail to abide by the terms of the Order, I agree and understand that I may be subject to sanctions imposed by the Court upon me.

In consideration for my being allowed access to said documents and/or information, I further agree to be contractually bound by the terms of the Order and I agree and attest to my understanding that, in the event that I fail to abide by the terms of the Order, I may be subject to financial liability for any loss or damage caused on account thereof.

Affirmed,

_____
Name

_____
Home Address

_____
Occupation

_____
Employer

_____
Job Title

-1-