**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAREY SCHWEINFURTH, ET AL.,** | ) | **CASE NO.1:05CV0024** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **MOTOROLA, INC.,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Motorola, Inc.'s ("Motorola") Objections to the Magistrate's November 20, 2007 Order Granting Plaintiffs' Motion to Compel. For the following reasons, the Court denies, in part, Defendant's objections.

**Plaintiff's Motion to Compel Production of Documents Relating to All Motorola Cell Phones Using the Two Prong Charging System.**

On November 20, 2007, the Magistrate Judge ordered Defendant Motorola to produce documents relating to all cellular telephones using an allegedly defective CE connector. Defendant had argued discovery should be limited to the cellular telephones purchased by the named plaintiffs. The Magistrate Judge held that the Amended Complaint did not contain such a

1

limitation.  Rather, the language of the Amended Complaint states Plaintiffs "themselves and all purchasers of Defendant's cellular telephones that use the defectively designed two prong charging port to connect the cellular telephone to the charger."

Defendant objects to the Magistrate Judge's ruling because: 1) the Magistrate Judge improperly shifted the burden to Defendant to prove relevance; 2) the Magistrate Judge found the CE connecters were substantially similar against the weight of the evidence; 3) improperly granted relief after Plaintiffs waited eight months to seek relief; 4) erred in not ordering cost shifting; 5) erred in not delaying discovery until after class certification; 6) erred by ruling on issues not properly before the Court.

### **Standard of Review**

When a magistrate judge determines a pretrial, nondispositive issue, a party may object to the district court judge assigned to the case.  The district court judge may review the magistrate judge's determination if timely objection is made and must modify or set aside any part of the order that is clearly erroneous or contrary to law.  Fed. R. Civ. P.  72(a).

### **Defendant's Objections**

The parties agree that discovery must be "sufficiently broad" and "relevant."

Federal Rule of Civil Procedure 26(b)(1) states in pertinent part:

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

A court may limit discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

2

>> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
>>
>> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2).

The parties and the Magistrate Judge relied, in part, on language in *Nash v. City of Oakwood,* 90 F.R.D. 633, 636 (S.D. Ohio 1981) which held:

> The discovery permitted must be sufficiently broad in order that plaintiffs have a realistic opportunity to meet these requirements (of Rule 23, Fed.R.Civ.P.); at the same time, the defendant must be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas. Discovery is not to be used as a weapon, nor must discovery on the merits be completed precedent to class certification.... Unnecessarily broad discovery will not benefit either party (citation omitted). *Quoting National Organization for Women v. Sperry Rand,* 88 F.R.D. 272, 277 (D.Conn.1980).

Defendant contends the Magistrate Judge improperly shifted the burden of showing dissimilarity of the cellular phones at issue to Defendant. Defendant contends it is Plaintiff's burden to demonstrate substantial similarity. The Court finds the Magistrate Judge properly determined that Plaintiffs demonstrated relevancy of the requested documents and, in analogizing to product liability cases, found that relevancy of products substantially similar to the product at issue is generally discoverable. The Magistrate Judge then relied on Motorola documents offered by Plaintiffs in support of their Motion to Compel. In considering those documents, the Magistrate Judge determined the documents support a finding that the CE connector is used in many different models of cellular telephones produced by Defendant. Therefore, the Court cannot say the Magistrate Judge's finding was clearly erroneous as it was

3

not unsupported by evidence. "When there is doubt about relevance, a court should tend toward permitting discovery." *Hall v. Harleysville Ins. Co.,* 164 F.R.D. 406, 407 (E.D. Pa. 1996).

Neither does the Court find Plaintiffs engaged in an unjustifiable delay. The Court's Local Rule 37.1 requires Motions to Compel be filed within ten days of the close of discovery. Plaintiffs brought this action prior to the close of discovery, therefore, Plaintiffs' Motion to Compel was not untimely. Furthermore, the Court does not find discovery was inappropriate at the certification stage because the discovery could reasonably lead to admissible evidence of numerosity and commonality.

However, the Court agrees with Defendant that the sheer size and scope of discovery, while relevant, is substantial and broad. Because it does not pertain to phones used by named Plaintiffs and because of the delay in Plaintiffs moving for discovery, the Court has some concerns that such discovery could be used as a weapon to compel settlement. Because the sheer size of the discovery already produced -i.e. over 200,000 pages of documents- and the immense size of the discovery now ordered to be produced -i.e. allegedly over 1,000,000 pages- the Court finds cost shifting is reasonable and fair. When considering the factors described in Fed. R. Civ. P 26(b)(2)(iii), the Court finds the materials discoverable, however, as in *Zonaras v. General Motors Corp.,* C-3-94-161, 1996 WL 1671236 (S.D. Ohio 1996), the Court, at this juncture, cannot say the material will be admissible at trial. Therefore, the Court orders Plaintiffs to pay 50% of the document production costs ordered by the Magistrate Judge.

Also, because Defendant has alleged the Magistrate Judge ordered production of materials not sought in the Motion to Compel, the Court orders the parties to confer and provide the Court briefs on materials not raised in the Motion to Compel (ex: the patent materials

4

discussed in Defendant's Objections at page 18-19) and shall provide the Court with briefs on the reasons why they should or should not be produced.  The briefs shall be submitted to the Court by October 10, 2008.

Finally, because Plaintiffs have asked this Court for additional time to respond to Defendant's Motions for Summary Judgment until after they have reviewed the additional discovery ordered by the Magistrate Judge, the Court denies Defendant's Motions for Summary Judgment (ECF # 114, 116) at this time, subject to refiling at the completion of the discovery now ordered.

        IT IS SO ORDERED.


September 30, 2008                  S/Christopher A. Boyko
Date                                  CHRISTOPHER A. BOYKO
                                           United States District Judge