**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAREY SCHWEINFURTH, ET AL.,** | ) | **CASE NO.1:05CV024** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **MOTOROLA, INC., ET AL.,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendant Motorola, Inc.'s Objections to the Magistrate's November 20, 2007 Order on Motorola's Motion for Protective Order (ECF 145). For the following reasons, the Court grants, in part, Defendant's Objections.

On November 30, 2007, the Magistrate Judge denied a Motion for Protective Order filed by Defendant which sought to prevent Plaintiffs from obtaining written discovery, via subpoena duces tecum, from various non-party cellular telephone service providers.. Because this case was stayed due to ongoing settlement discussions, the Court permitted Defendant to file objections after the stay was lifted. Defendant filed its objections on May 28, 2008, and Plaintiffs filed their response on June 11, 2008.

1

In his Memorandum and Order of November 20, 2007, the Magistrate Judge determined Defendant lacked standing to oppose subpoenas served on non-parties. The Magistrate Judge also determined Defendant's arguments on the relevance of the requested documents had already been addressed in a prior order, wherein the Magistrate Judge rejected Defendant's arguments. After reviewing the document requests, the Magistrate Judge determined the documents sought were not privileged and were relevant to the claims in the Amended Complaint. Furthermore, the Magistrate Judge determined Defendant's concerns of confidentiality were adequately protected by an Agreed Protective Order already in place. The Magistrate Judge concluded Defendant lacked standing to challenge the subpoenas to non-parties and failed to show good cause for the necessity of a protective order based on confidentiality.

Defendant objects to the Magistrate Judge's Order on the following grounds:

1) the Magistrate Judge erred in finding Defendant lacked standing to challenge the subpoenas when Federal Rules of Civil Procedure permit such a challenge via a motion for protective order.

2) The documents sought are overbroad, unduly burdensome and bear no rational relationship to the allegations in Plaintiffs' Complaint.

3) The discovery sought does not pertain to phones actually used by named Plaintiffs, nor does it pertain to the charging connector alleged to be defective in Plaintiffs' complaint.

4) The discovery sought dates back to 1997, whereas the first phones using the allegedly defective charging connector shipped to consumers in 2001.

**STANDARD OF REVIEW**

2

When a magistrate judge determines a pretrial, nondispositive issue, a party may object to that determination to the district court judge assigned to the case. The district court judge may review the magistrate judge's determination if timely objection is made and must modify or set aside any part of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

## **LAW AND ANALYSIS**

### **Standing**

The Magistrate Judge properly determined that a party seeking to quash a subpoena served on a third party ordinarily lacks standing to challenge the subpoenas. *Donahoo v. Ohio Dep't. Of Youth Services,* 211 F.R.D. 303, 306 (N.D. Ohio 2002). This holding by the Magistrate Judge accurately reflects the law as applied to a motion to quash under Fed. R. Civ. P 45. Since Defendant challenged the subpoenas via a Motion for a Protective Order under Fed. R. Civ. P. 26, the Magistrate Judge examined standing under Rule 26, as well. Rule 26 states in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...

> "The Magistrate Judge cited Rule 26(c) as follows:

> A party, or the person from whom discovery is sought, is entitled to request a protective order to preclude or limit any inquiry into certain matters."

Though Rule 26(c) does not contain commas after "party and "sought", courts within the Sixth Circuit have interpreted this phrase to permit "a party" or "a person from whom discovery

3

is sought" to seek a protective order.  See *White Mule Co. Et al., v. ATC Leasing Co., LLC*, No. 3:07CV0057, slip op. 2008 WL 2680273 *4 (N.D. Ohio June 25, 2008) ("ATC has standing to seek a protective order to preclude discovery though subpoenas issued on third parties") ; *U.S. v. Operation Rescue,* 112 F. Supp.2d 696 (S.D. Ohio 1999)("several other federal courts have found that a party has standing to seek a protective order on behalf of non-parties.").  These courts held that discovery need not be sought from a party in order for a party to have standing to challenge subpoenas served on non-parties.

The Magistrate Judge relied, at least in part, on a Federal Practice and Procedure citation that he quotes as stating: " A motion to quash, or for a protective order, should be made by the person from whom the documents or things are requested." (Memorandum and Order pg. 4). However, this Court notes the most recent edition of the Federal Practice and Procedure section cited above does not contain any reference to protective orders.  *See* 9A Wright & Miller, *Federal Practice and Procedure*, §2459:

> Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.

Therefore, the Court finds that Defendant does have standing to seek a protective order on discovery sought from non-parties.

However, the Magistrate Judge went on to consider Defendant's arguments on the merits of the discovery and found Defendant had failed to demonstrate good cause. The Magistrate Judge stated, "it is unclear to the court how an "undue burden" would be created for Motorola by the responses of these third parties to the subpoenas at issue." (Memorandum and Order pg. 6). This Court agrees and finds discovery on third parties would not be unduly burdensome on

4

Defendant.  Furthermore, the Court finds the materials to be relevant.  However, the Court also finds that its prior order upholding the Magistrate Judge's order requiring Motorola provide discovery on all cell phones using the allegedly defective CE connector provides the appropriate parameters for discoverable material.  Plaintiffs have conceded they would require only discovery on phones utilizing the allegedly defective CE connector. (Named Plaintiffs' Response to Motorola's Objections to the Magistrate Judge's November 20, 2007 Order on Motorola's Motion for Protective Order.  ECF # 146 pg. 4).  Therefore, Defendant shall identify the phones using the allegedly defective CE connector and Plaintiffs' third-party discovery will be limited to those phone models.

Finally, Defendant objects to the Magistrate Judge's order permitting discovery from third-parties dating to 1997.  The information before the Court demonstrates named Plaintiffs purchased Motorola cell phones at issue in 1999 at the earliest.  Plaintiffs' Motion to Compel (ECF 111 at pg. 6) states that relevant Motorola documents demonstrate the allegedly defective CE connector was "used from at least 2000 through at least 2006."  Finally, the Court is not convinced that third-party wireless service providers would have any relevant information on the design and manufacturing decisions that led to the production of the allegedly defective CE connector.  Therefore, the Court will grant the protective order, in part, and limit discovery to no earlier than 1999.

For the foregoing reasons, the Court finds Defendant has standing to challenge third-party subpoenas via a motion for protective order, however, the Court finds the discovery sought is relevant and not unduly burdensome, but limits discovery to those Motorola phones containing the allegedly defective CE connector to the time period beginning in 1999.

5

IT IS SO ORDERED.

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

November 19, 2008