# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Carey Schweinfurth, et al. | Civil Action No. 1:05CV0024 |
| Plaintiff, | Judge Christopher A. Boyko |
| v. | Magistrate Judge Kenneth S. McHargh |
| Motorola Inc., et al., | |
| Defendants. | |

## FINDINGS AND ORDER CONDITIONALLY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES ONLY

WHEREAS, Motorola, Inc. ("Motorola") has pending against it in this Court a putative class action as set forth in the Amended Complaint, captioned *Schweinfurth, et al. v. Motorola, Inc.*, No. 05 CIV 00024 (the "Litigation");

WHEREAS, the Parties[1] and their attorneys have entered into a Settlement Agreement, dated August 5, 2009, in which the Parties have agreed upon a Proposed Settlement of the Litigation, subject to the approval and determination of this Court as to the fairness, reasonableness and adequacy of the Proposed Settlement, which, if approved, will result in dismissal of the Litigation with prejudice and without leave to amend.

NOW, THEREFORE, upon reviewing the Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement (Doc. No. 156), the Settlement Agreement,

---

[1] All capitalized terms herein are defined as they are defined in the Settlement Agreement.

including the exhibits attached thereto (collectively, the "Settlement Agreement"), upon reviewing all prior proceedings herein, and based upon the record and the presentation of counsel at the Preliminary Approval Hearing, and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Litigation is preliminarily and conditionally certified as a Class Action, pursuant to Federal R. Civ. P. 23, for settlement purposes only (the Court expressly reserving the right to determine, should the occasion arise, whether this Litigation may be certified as a class action for purposes other than settlement, and Motorola hereby retaining all rights to assert that this Litigation may not be certified as a class action except for purposes of the Proposed Settlement), as follows:

> All persons or entities who purchased a Covered Cell Phone from Motorola or a Motorola Authorized Reseller.

2. Carey Schweinfurth and Jim Roth are hereby designated as representatives of the proposed Class.

3. The Court has both subject matter jurisdiction and personal jurisdiction as to this Litigation and the parties before it.

4. In order to be certified, a class must satisfy the four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. If the Rule 23(a) criteria are satisfied, the Court must also find that the Class fits within one of the three categories of class actions defined in Rule 23(b). Based on the materials submitted by the parties and the arguments of counsel, the Court finds that the Class can be conditionally certified for settlement purposes only and makes the following conditional findings solely for the purposes of settlement:

- **Numerosity:** The Court finds that the members of this Class are so numerous that joinder of all members is impracticable and that the numerosity requirement is thus satisfied for settlement purposes.

- **Commonality:** The Court finds that there are sufficient issues related to Motorola's liability and the determination of damages that are common to all Class Members to satisfy the commonality requirement for settlement purposes.

- **Typicality:** The Court finds that Plaintiffs do not appear to have interests that are antagonistic to or in conflict with the Class Members and that the Plaintiffs have satisfied their burden on typicality for settlement purposes.

- **Adequacy:** The Court finds that Plaintiffs' Counsel are highly competent, have extensive experience in class litigation, and are fully qualified to prosecute this action. The Court further conditionally finds that the Plaintiffs' interests are not antagonistic to the interests of the Class Members. Accordingly, the Court finds that the adequacy of representation requirement is met for settlement purposes.

- **Predominance of common issues:** The Court finds that the common questions that are at issue in this case sufficiently predominate over questions that may affect individual members of the Class to satisfy the predominance factor for settlement purposes.

- **Superiority:** The Court finds that certification of the Settlement Class is a superior method for obtaining a fair and efficient adjudication of this

controversy, and finds that the superiority requirement has been met for settlement purposes.

5. Each Class Member who wishes to exclude himself or herself from the Class shall submit an appropriate, timely written request for exclusion, postmarked no later than December 26, 2009, to Motorola and Lead Counsel at the addresses provided in the Class Notice.

6. No person or entity (except for a guardian, trustee or other legal representative of a Class Member), including any person acting on behalf of or in active concert or participation with a Class Member, may exclude any other Class Member from the Class.

7. Any Class Member who does not submit a timely, written request for exclusion from the Class shall be bound by all proceedings, orders and judgments in this Litigation, even if such Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release and maintained against Motorola relating to the Charging Port.

8. Each Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or Proposed Settlement, or to the award of attorneys' Fees and Expenses, shall provide to Lead Counsel and Motorola's counsel and file with the Court, no later than 30 days prior to the Settlement Hearing, at the addresses listed in the Class Notice, a statement of the objection, as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention, and any evidence the Class Member wishes to introduce in support of the objection, or be forever barred from objecting.

9. Any Class Member who files and serves a written objection and who intends to make an appearance at the Settlement Hearing, either in person or through personal counsel hired at the Class Member's expense, shall provide to Lead Counsel and Motorola's counsel and file with the Court, no later than 30 days before the Settlement Hearing, at the address listed in the Class Notice, a notice of intention to appear. Any attorney hired by a Class Member at the Class Member's expense for the purpose of objecting to the Proposed Settlement, or to the award of Attorneys' Fees and Expenses, shall file with the Clerk of Courts, at the address listed in the Class Notice, and provide to Lead Counsel and Motorola's counsel a notice of appearance no later than 30 days before the Settlement Hearing.

10. Motorola's counsel and Lead Counsel shall promptly furnish one another with copies of any and all objections or written requests for exclusion that might come into their possession.

11. Any Class Member or any attorney retained by any Class Member, including those filing objections, shall have access, by appointment, during regular business hours, at their own expense, at Lead Counsel's office to the documents disclosed through discovery in the Litigation, provided that such individuals enter into the Settlement Agreement to be bound by the Protective Order that has previously been entered in this Litigation (Doc. No. 101).

12. The Court may waive or modify any of the time limits herein for good cause shown.

13. The Proposed Settlement, as evidenced by the Settlement Agreement, is preliminarily approved as sufficient to warrant notice to the Class and a full hearing on the Settlement.

IT IS SO ORDERED.

*Christopher A. Boyko*
United States District Judge
Dated: 10/1/09